The **INDIANA STATE EMPLOYEES ASSOCIATION, et al.**

v.

The **INDIANA REPUBLICAN STATE CENTRAL COMMITTEE, et al.**

No. IP 84–820–C.

United States District Court, S.D. Indiana, Indianapolis Division.

March 21, 1986.

Fred O. Towe, Indianapolis, Ind., and Ralph Ogden and M. Anne Wilcox, of Wilcox & Ogden, Golden, Colo., for plaintiffs.

Linley E. Pearson, Atty. Gen. of Indiana by David Michael Wallman, Deputy Atty. Gen. of Indiana, and Daniel F. Evans, Jr. and Alan L. McLaughlin of Baker & Daniels, Indianapolis, Ind., for defendants.

STECKLER, District Judge.

This matter is before the Court on defendants' motion to dismiss. Plaintiffs' action is brought under 42 U.S.C. § 1983 and alleges violation of their rights under the First and Fourteenth Amendments. Plaintiffs challenge the defendants' alleged practice of requiring applicants for nonmerit state jobs to be approved by the Republican precinct, ward, county, or state representative or to pledge their support to the Republican Party. Plaintiffs allege that the party keeps track of the employees' political activities and discriminates against those who fail to support the Republican Party. Plaintiffs contend that this alleged practice interferes with employees' rights of free speech and political association. Plaintiffs also contend that the practice is an abuse of state power which gives the Republican Party an advantage over other political parties, including the Libertarian Party. Defendants have moved to dismiss the complaint arguing that plaintiffs lack standing to bring this action. Defendants also argue that plaintiff Bender has failed to state a claim. Fed.R.Civ.P. 12(b)(6).

Having considered defendants' motion and the supporting and opposing briefs and considering the standard to be applied in considering a motion to dismiss, the Court finds that defendants' motion should be denied. For purposes of standing and a 12(b)(6) motion, the Court assumes the truth of plaintiffs' allegations. *Shakman v. Democratic Org. of Cook Co.*, 435 F.2d 267 (7th Cir.1970), *cert. denied,* 402 U.S. 909, 91 S.Ct. 1383, 28 L.Ed.2d 650 (1971); *Abortion Rights Mobilization, Inc. v. Regan,* 544 F.Supp. 471 (S.D.N.Y.1982). With this standard in mind, the Court finds that the plaintiffs do have standing to bring this action.

This cause of action is very similar to *Shakman,* wherein the Court of Appeals for the Seventh Circuit reversed the district

court's dismissal and held that the action was justiciable. Although defendants argue that *Shakman* has been overruled in *Mulqueeney v. Nat. Com'n on the Observance, Etc.*, 549 F.2d 1115 (7th Cir.1977), the Court has determined that *Shakman* is still valid in this circuit. First, the court in *Mulqueeney* never referred to *Shakman* in reaching its decision. Thus it is unlikely the court meant to overrule *Shakman*. Second, subsequent actions arising out of *Shakman* never treat *Shakman* as being overruled. *See Tomczak v. City of Chicago*, 765 F.2d 633, 635 (7th Cir.1985); *Shakman v. Democratic Organization of Cook County*, 481 F.Supp. 1315, 1326 n. 6 (N.D. Ill.1979). Additionally, other courts still rely on *Shakman*. *Regan*, 544 F.Supp. at 481. Finally, *Mulqueeney* is distinguishable from *Shakman*, so the court in *Mulqueeney* could find that plaintiffs lacked standing without overruling *Shakman*. Thus, *Shakman* is applicable to this action and the plaintiffs have standing.

 Defendants argue that plaintiff I.S. E.A. has failed to allege sufficient facts to demonstrate it has standing because it has not alleged that nonmerit, nonpolicy employees are among its members. However, paragraph 47 of plaintiff's complaint alleges that I.S.E.A. represents members whose rights are being infringed. Although I.S. E.A. cannot represent prospective members, it can assert an action for current members who are allegedly being harmed by defendants' actions. *See Minority Police Officers Association of South Bend v. City of South Bend, Indiana*, 721 F.2d 197, 202 (7th Cir.1983). Moreover, paragraph 48 of the complaint alleges an injury to I.S.E.A. itself as an organization.

 Defendants argue that plaintiff Bender has failed to state a claim because he failed to allege that the position he applied for was a nonpolicy making position. When considering a 12(b)(6) motion, the Court construes the complaint liberally and in plaintiff's favor. *See Schacht v. Brown*, 711 F.2d 1343, 1352 (7th Cir.), *cert. denied*, 464 U.S. 1002, 104 S.Ct. 509, 78 L.Ed.2d 698 (1983). Although plaintiffs'

complaint could be more explicit, it is sufficient to survive a motion to dismiss.

 Finally, defendants argue that although patronage dismissals are prohibited, patronage hirings are valid. The Court finds little reason to distinguish between the two. The Government cannot achieve an unlawful end either directly or indirectly. The refusal to hire someone based on political beliefs can chill a person's First Amendment rights as easily as firing someone for political reasons. *See Branti v. Finkel*, 445 U.S. 507, 100 S.Ct. 1287, 63 L.Ed.2d 574 (1980); *Elrod v. Burns*, 427 U.S. 347, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976). Therefore, plaintiffs have stated a cause of action.

By reason of the foregoing, IT IS ORDERED that defendants' motion to dismiss is DENIED. Plaintiffs have standing in this action and have stated a cause of action.